3. That the action is properly brought against the defendants without joinder of the alleged corporation.

4. That the complaint sufficiently states a cause of action.    All concur except TEMPLETON, J., not sitting.

---

Edmison, Appellant, *v.* Hancock, Respondent.

**Specific Performance — The Contract, Sufficiency of the Evidence to Establish.**

E., a real estate agent, wrote to H., the owner of certain lots, for the agency to sell them and for the price at which they might be sold.  Upon receipt of the answer giving the price, E. telegraphed H. that he accepted his offer.  H. afterward refused to execute a deed.  *Held,* there was no sufficient evidence of a contract between the parties to authorize a judgment of specific performance.

(Argued and determined at the May Term, 1889.)

APPEAL from district court, Minnehaha county; Hon. J. E. Carland, Judge.

This was an action by P. H. Edmison, plaintiff, against W. J. Hancock, defendant, to compel the conveyance of lot 4 and the north twenty-two feet of lot 5 in block 19, J. L. Phillips' Addition to Sioux Falls.   The only issue in the case was the sufficiency of the evidence to constitute a contract that would authorize specific performance.   All of the evidence on this subject consisted of certain letters and telegrams, which were as follows:

"COUNCIL BLUFFS, Iowa, *Aug. 25th*, 1887.
Mr. P. H. EDMISON, Sioux Falls, Dak. :

DEAR SIR:— Your letter of the 18th instant arrived during my absence in New York, which will account for the delay in answering it.   You can have the lot my mother leased to you for $5,500 as I told you when I last saw you and no less paying $1,000 down and the balance in three or five years, as you prefer, at 8 per cent interest payable semi-annually.   The three lots, · 22 feet each, the little houses are on, are for sale for $1,500 each, net, one-third down, balance in three or five years at 8 per cent. This offer will hold good for thirty days unless otherwise advised.   Yours truly,     W. J. HANCOCK."

In answer to this plaintiff sent the following dispatches:

"SIOUX FALLS, D. T., *Aug. 28th.*

W. J. HANCOCK — I accept both your offers to sell property in your letter of the 25th inst., at price and terms stated.   P. H. EDMISON."

"SIOUX FALLS, *Dak.*, 8–29, 1887.

W. J. HANCOCK — I accept your offers to sell of 25th instant, forward deeds.   P. H. EDMISON."

It appeared Mr. Hancock did not forward the deeds and complete the sale.

Plaintiff also put the following letters in evidence:

"COUNCIL BLUFFS, Iowa, *September 7th*, 1887. Mr. P. H. EDMISON, Sioux Falls, Dakota:

DEAR SIR:— By your telegram and letter you seem to be under the impression that in my letter of the 25th I offered you all of my lots. This is an error, and as you seem to understand it differently I will, to save further trouble and misunderstanding, decline to sell at your figures and withdraw the offer I made on the 25th. Yours truly, W. J. HANCOCK."

"SIOUX FALLS, *August 29th*, 1887. W. J. HANCOCK, Esq., Council Bluffs, Iowa:

Yours of the 25th instant received stating price and terms of sale of your lots and your mother's which I accepted by telegraph. Send along the deeds and will pay the amount cash required and execute mortgages for balance as per terms of your letter of the 25th instant. Describe your lots as lot four and all of five except twenty-two feet on south side which you sold to Jordan Bros. Would like deed to yours as soon as possible as I may trade them. Send the other at your convenience at any time before the 23d of next month.   Yours truly, P. H. EDMISON."

"SIOUX FALLS, D. T., *Sept.* 9, 1887. W. J. HANCOCK, Esq., Council Bluffs, Iowa:

"DEAR SIR:— Your letter received declining to fulfil your contract with me as per your offer to sell lots in your letter of 25th inst.   There can be no misunderstanding and is none.   I accepted price and terms as stated in your letter of August 25th, 1887, three lots 22 feet each, your own and the lot I have leased from your mother.   I am and have been ready to fulfill my part of the contract, your money is ready and ask of you and your mother to per-

form your part, as you refused in your letter (which was rather a surprise to me) to protect myself, commenced suits and put *Lis Pendens* on the property. I have sold part of this property and insist on you and your mother fulfilling your part of the contract. Costs at present not much and will put no more on than necessary till I see whether you intend to do as you agreed, or not. Best to send on your deeds. Yours truly, P. H. EDMISON."

On plaintiff's cross-examination over objection the defendant put the following letter in evidence :

"SIOUX FALLS, *Aug.* 18*th*, 1887.

W. J. HANCOCK, Esq., Council Bluffs :

"DEAR SIR :—Mr. Greely is here and will remain a few days. If I trade at all I will have to do it now. Send me definitely the lowest price you will take for the lot, $1,000 cash, with mortgage on lot for balance, on or before three or five years, with interest at 7 per cent. Make the offer definite and good for twenty or thirty days so if I can make any trade satisfactory on terms your offer will be in shape to know what I can rely on. Also give me your lowest price on the lots between Eleventh and Twelfth streets, on Phillips avenue, and allow me five per cent commission for making sale, if I make it. Write your letter so I can show if necessary what your price is. Make your price five per cent. higher than you will take for them. Lots often sell higher before a railroad gets there than it does after, and it might be a good time to sell them. I am opening up an office and would like to have them to sell and might catch a customer for them. Make first payment as small as you can as it might help to sell them. Please answer as soon as ever you can. Yours truly, P. H. EDMISON."

The evidence showed that lot 4 was forty-four feet wide, that the south twenty-two feet of lot 5 had been sold and there remained twenty-eight feet of the lot. It was found by the court that a business lot there had a frontage of twenty-two feet.

There were findings and a decree in favor of the defendant, and the plaintiff appealed.

*Wilkes & Wells,* for appellant.

The inquiry is, did the minds of the parties assent to the same

thing? Was there a contract? From the respondent's letter of the 18th, and appellant's dispatches of acceptance, we contend there was. The proposal was to sell sixty-six feet of ground, and this was accepted. It is true that in the letter of the following day there is a suggestion as to the description, but it in no way qualified the acceptance. Suppose the position reversed, and respondent insisting on the contract, could appellant be heard to say his telegrams were a conditional offer to buy?

*Winsor & Kittredge*, for respondent.

Specific performance for three lots of twenty-two feet each is demanded. This cannot prevail in view of appellant's letter of acceptance and our statute. § 896, C. C.

In any event, there was no offer to sell the property to this appellant, there was no contract between *them*. The statement of a price is not an offer to sell. Knight v. Cooley, 34 Ia. 218; Talbot v. Pettigrew (Dak.), 13 N. W. Rep. 576; Smith v. Gowdy, 8 Allen, 566.

By the COURT:

This case is affirmed — there being no sufficient evidence of a contract between the parties to authorize a judgment of specific performance. All concur.

---

TERRITORY OF DAKOTA, Defendant in Error, *v*. COLLINS, Plaintiff in Error.

1. Appeal — Review — Harmless Error.
   Where a witness is not permitted to answer a proper question, but at another time is allowed to answer it in effect, there is no reversable error.

2. Same — Objection Waived — Misconduct of Attorney.
   Where the prosecuting attorney in his closing address to the jury, stated a fact not in evidence, prejudicial to the defendant, but the record only showed an objection and exception to it; *held*, it was not saved so as to be reviewed by the appellate court.

(Argued and determined at the May Term, 1889.)

ERROR to the district court, Walsh county; Hon. CHAS. F. TEMPLETON, Judge.

The defendant was indicted and convicted of the crime of murder.